# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

RONNIE EUGENE WILLIAMS,

    Petitioner,

v.

HOMER BYSON,

    Respondent.

CIVIL ACTION NO.: 6:17-cv-71

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Ronnie Eugene Williams ("Williams"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Williams also filed a Motion to Proceed *in Forma Pauperis*. (Doc. 2.) The Court **DENIES** Williams' *in Forma Pauperis* Motion. For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** Williams' Petition. I also **RECOMMEND** the Court **DENY** Williams *in forma pauperis* status on appeal.

## **BACKGROUND**

Williams, an inmate at Georgia State Prison in Reidsville, Georgia, has filed an action pursuant to 28 U.S.C. § 2241. In his Petition, Williams claims that he has fully served his twenty-year sentence for a burglary conviction obtained in the Chatham County, Georgia, Superior Court. Accordingly, Williams requests that the Court order the Georgia Department of Corrections to release him from prison.[1]

---

[1] Even though Williams filed his Petition pursuant to 28 U.S.C. § 2241, for the reasons contained herein, it is apparent he is seeking relief pursuant to 28 U.S.C. § 2254. As discussed below, Rule 1(b) of the Rules governing petitions brought under 28 U.S.C. § 2254 apply to this case brought pursuant to Section 2241.

Williams has unsuccessfully presented his claims to this Court on at least twelve (12) prior occasions. See Williams v. Allen, No. 4:17-cv-36 (S.D. Ga. Mar. 22, 2017) (Report and Recommendation ("R&R") recommending dismissal of his twelfth Section 2254 attempt); see also Williams v. Allen, No. 4:16-cv-324 (S.D. Ga. Dec. 15, 2016) (imposing $500 sanction after petitioner filed an eleventh petition for habeas relief, despite prior warnings); Williams v. Owens, No. 4:12-cv-19 (S.D. Ga. Mar. 28, 2012); Williams v. State Board of Pardon & Paroles, No. 4:08-cv-105 (S.D. Ga. Nov. 19, 2008); Williams v. Barrow, No. 4:05-cv-167 (S.D. Ga. Oct. 24, 2005); Williams v. Johnson, No. 4:03-cv-69 (S.D. Ga. Oct. 16, 2003); Williams v. Johnson, No. 4:02-cv-44 (S.D. Ga. Mar. 14, 2002); Williams v. Smith, No. 495CV176 (S.D. Ga. Aug. 4, 1995). The Court has warned Williams that he may not file additional habeas petitions challenging his sentence obtained in the Chatham County, Georgia, Superior Court absent permission from the Eleventh Circuit Court of Appeals to file a second or successive habeas petition. In addition, Williams has recently been warned on at least two occasions that he will be sanctioned if he continues to file habeas petitions in contravention of the Court's Order that he do so only with permission from the Eleventh Circuit. Williams v. Allen, No. 4:16-cv-324 (S.D. Ga. Mar. 10, 2017), ECF No. 8, p. 2 ("Williams is now **WARNED** that any more habeas (or similar) petitions he files without Eleventh Circuit authorization . . . are extremely likely to be considered vexatious and [met] with sanctions."); Williams v. Allen, No. 4:17-cv-36 (S.D. Ga. Apr. 19, 2017), ECF No. 7, p. 2 ("Petitioner is warned . . . that any future unauthorized and meritless petitions are likely to be met with sanctions."). The Eleventh Circuit recently denied Williams' Application for Leave to File a Second or Successive Habeas Corpus Petition, which Williams attaches to his Petition. (Doc. 1, pp. 11–15.) Despite the Eleventh Circuit's denial of

2

his Application, Williams has filed yet another habeas petition in this Court contesting his twenty-year burglary sentence.

## DISCUSSION

### I. Dismissal as Unauthorized Second or Successive Petition

Pursuant to Rule 4 of the Rules governing petitions brought under 28 U.S.C. § 2254:

> The clerk must promptly forward the petition to a judge . . ., and the judge must promptly examine [the petition]. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.[2]

Before a second or successive application is filed in a district court, the applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis supplied); see also Rule 9, Rules Governing Section 2254 Cases. A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. Burton v. Stewart, 549 U.S. 147 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition since prisoner did not obtain order authorizing him to file the petition); Fugate v. Dep't of Corr., 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

This "gatekeeping" requirement transfers a second or successive application from the district court to the court of appeals, pursuant to 28 U.S.C. §1631, as a motion for authorization to proceed in district court. See Felker v. Turpin, 518 U.S. 651, 664 (1996). "If applicable, section 1631 authorizes a transfer that is in the interest of justice." Guenther v. Holt, 173 F.3d 1328, 1330–31 (11th Cir. 1999). However, a transfer may not be authorized in certain instances, as set forth in 28 U.S.C. § 2244(b). This Section provides:

---

[2] Even if Williams had properly brought his claims under Section 2241, Rule 1(b) of the Rules governing petitions brought under 28 U.S.C. § 2254 would apply to this case. That Rule provides that the Court "may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

3

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application *shall* be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall* be dismissed, *unless*:
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(emphases added).

A dismissal with prejudice of a prior petition makes any subsequent petition second or successive. Guenther, 173 F.3d at 1329. As discussed above, Williams' claims regarding his sentence obtained in the Chatham County, Georgia, Superior Court have been dismissed with prejudice multiple times. For example, Magistrate Judge G.R. Smith of this Court issued a Report and Recommendation on July 20, 2015, directly addressing the same claims that Williams attempts to raise again through this case. See R. & R., Williams v. Toole, Case No. 4:14-CV-88, (S.D. Ga. July 20, 2015), ECF No. 16. As in the instant case, in his prior petition, Williams claimed that he remained in prison despite serving his entire state sentence for burglary. Id. at p. 1. After recounting the procedural history of Williams' burglary convictions and state habeas proceedings, Judge Smith specifically rejected Williams' claims his sentence had been improperly calculated and also disposed of Williams' claim that his continued imprisonment violates the Fourteenth Amendment. (Id.) On October 7, 2015, District Judge

4

William T. Moore, Jr., overruled Williams' Objections, adopted Judge Smith's Report and Recommendation as the opinion of this Court, and entered judgment dismissing Williams' Petition. Order & J., Williams v. Toole, Case No. 4:14-CV-88 (S.D. Ga. Oct. 7, 2015), ECF Nos. 19, 20. Judge Moore clearly dismissed Williams' prior petition with prejudice. Williams' Petition in this action, (doc. 1), presents the same arguments that Judge Moore rejected in a previously-filed case and the same arguments that this Court has repeatedly rejected. Moreover, the Eleventh Circuit recently denied Williams' Application for Leave to File a Second or Successive Habeas Corpus Petition on February 3, 2017. Accordingly, this Court should not transfer this petition to the Court of Appeals, as Williams' Petition is barred under the gatekeeping provision of Section 2244(b)(3)(A). The claims for relief in this cause of action would be dismissed pursuant to 28 U.S.C. § 2244(b)(1).

To the extent that Williams were to argue that his Petition is brought pursuant to Section 2241, and therefore, not subject to the restrictions of Section 2254 (including the restriction on second or successive petitions) because he is challenging the execution of his sentence and not its validity, that argument must fail. Williams is not challenging the execution of his sentence (i.e., the manner in which his sentence is being carried out); rather, he is challenging the very fact of his confinement, claiming that he is in custody in violation of the Constitution. See 28 U.S.C. § 2254(a). Moreover, Williams is "in custody pursuant to the judgment of a State court." Id. Thus, his Petition is subject to both Section 2241 and Section 2254 with these provisions' attendant restrictions. Thomas v. Crosby, 371 F.3d 782, 787–88 (11th Cir. 2004) (state prisoner's habeas petition, filed on the Section 2241 form and which challenged the state parole commission's setting of prisoner's presumptive parole release date, was properly brought under Section 2241 but was subject to the rules and restrictions of

Section 2254, because the prisoner was in custody pursuant to the judgment of a state court); Medberry v. Crosby, 351 F.3d 1049 (11th Cir. 2003) (state prisoner's habeas petition which challenged prison disciplinary actions was subject to both Section 2241 and Section 2254, because the prisoner was in custody pursuant to the judgment of a state court). Williams "cannot evade the procedural requirements of Section 2254 by filing something purporting to be a Section 2241 petition." Thomas, 371 F.3d at 787.

## II.     Dismissal on the Merits

Even assuming Williams' Petition were authorized procedurally, it is meritless substantively. Again, Williams raises the same arguments in the instant Petition that Judge Moore and Judge Smith already rejected when dismissing his May 5, 2014, petition in Case Number 4:14-cv-88. The undersigned fully concurs with the analysis in Judge Smith's Report and Recommendation. Williams v. Toole, Case No. 4:14-cv-88, (S.D. Ga. July 20, 2015), ECF No. 16. The Court need not restate that analysis at length in dismissing the instant Petition and need only adopt that analysis in this case. Accordingly, it plainly appears from his Petition and any attached exhibits that Williams is not entitled to relief in this Court. For the reasons already stated in Judge Smith's Report and Recommendation, the Court should **DISMISS** the instant Petition.

## III.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Williams leave to appeal *in forma pauperis*. Though Williams has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that

the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Williams' Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Williams *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** Williams' Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, and **CLOSE** this case.  I also **RECOMMEND** the Court **DENY** Williams *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be

served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve Williams with a copy of this Report and Recommendation.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 2nd day of June, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA